IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In Re:

CAROLYN L. LANE

Debtor

Case No. 2:19-bk-06484-SHG

STIPULATED ORDER CONFIRMING FIRST AMENDED CHAPTER 13 PLAN

The First Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved.

**IT IS ORDERED** confirming the First Amended Plan ("Plan") of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| <u>Months</u> | <u>Amount</u> |
|---|---|
| 1-6 | $*1463* |
| 7-60 | $1900 |

The payments are due on or before the 24<u>TH</u> day of each month commencing <u>June 24, 2019.</u> Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their **federal** and **state** income tax return for post-petition years 2019 - 2022 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) Other Property. The Debtors shall provide, directly to the Trustee their net federal and state income tax returns for the years 2019 through 2022, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by §502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.S.§ 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses: Attorney Fees. Thomas McAvity, shall be allowed total compensation of $4500. Counsel received $7 prior to filing this case and will be paid $4493 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property:

    (a) Arrearage of $7267.84 to lien holder, Select Portfolio Servicing, is to be paid through the Plan. Regular post-petition mortgage payments shall be paid directly through Plan.

    (b) Arrearage of $3087.52 to HOA lien holder, Estrella Vista HOA, shall be paid through the Plan with 12% interest. Debtor will pay all post-petition HOA payments directly to creditor.

(3) Claims Secured by Personal Property:

(a) Capital One Auto Finance, secured by a lien in a 2017 Chevrolet Trak, shall be paid a secured claim of $16809.47 with 7% interest. The creditor will receive adequate protection payments of $150 per month.

(4) Unsecured Priority Claims:

(a)The Internal Revenue Services shall be paid un unsecured priority claim of $7843 with no interest. The Trustee has authority to pay on the priority debt even though the creditor has filed no proof of claim, but the Plan and Order are not to be considered an informal proof of claim. The balance of any remaining debt in excess of the priority portion shall be classified as general unsecured debt.

(b) The Arizona Department of Revenue shall be paid un unsecured priority claim of $510.83 with no interest. The balance of any remaining debt in excess of the priority portion shall be classified as general unsecured debt.

(c) The Ohio Department of Revenue shall be paid un unsecured priority claim of $78.63 with no interest. The balance of any remaining debt in excess of the priority portion shall be classified as general unsecured debt.

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property: The Debtor surrenders the following property:

a. NONE

(6) Other Provisions:

(a) Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments

In Re: Lane
2: 19-bk-06484-SHG

Case 2:19-bk-06484-SHG    Doc 39    Filed 12/11/19    Entered 12/11/19 11:20:03    Desc
Main Document    Page 3 of 6

suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

(b) If debtor pursues the potential claim for reimbursement for insurance deductibles spend for repairs included on Schedule A/B, she must obtain approval from the Court for any resolution of that claim and turnover any non-exempt fund to the Trustee for the benefit of unsecured creditors.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation ,subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---

ORDER SIGNED ABOVE

---

Approved as to Form and Content By:

_____
Edward J Maney, Trustee

_____
Tom McAvity
Attorney for Debtors

_____
Jonathan C. Simon
Assistant Attorney General, #029750
Attorney for Arizona Department of Revenue

In Re: Lane
2: 19-bk-06484-SHG

1 | suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

(b) If debtor pursues the potential claim for reimbursement for insurance deductibles spend for repairs included on Schedule A/B, she must obtain approval from the Court for any resolution of that claim and turnover any non-exempt fund to the Trustee for the benefit of unsecured creditors.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---

## ORDER SIGNED ABOVE

---

Approved as to Form and Content By:

_____
Edward J Maney, Trustee

*[signature]*
_____
Tom McAvity
Attorney for Debtors

*[signature]*
_____
Jonathan G. Simon
Assistant Attorney General, #029750
Attorney for Arizona Department of Revenue

In Re: Lane
2: 19-bk-06484-SHG

1

2   The Debtor certifies: All required State and Federal income tax returns have been filed.
    No domestic support obligation is owed or, if owed, such payments are current since the filing of
3   the Petition.

4   */s/ Carolyn L. Lane*

5   Carolyn L. Lane
    Debtor
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2: 19-bk-06484-SHG

Case 2:19-bk-06484-SHG   Doc 39   Filed 12/11/19   Entered 12/11/19 11:20:03   Desc
Main Document   Page 6 of 6